UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X   Index No.
BRIAN SINGLETON,

                              Plaintiff,                                 **DRAFT COMPLAINT**

        -against-

ST. BARNABAS HOSPITAL, and DEMETRIUS LONG,
individually,                                      Plaintiff Demands A
                                              Trial by Jury

                              Defendants.
--------------------------------------------------------------------X

Plaintiff, by and through his attorneys, Arce Law Group, P.C., hereby complains of the

Defendants, upon information and belief as follows:

## NATURE OF THE CASE

1.  Plaintiff complains pursuant to the Family and Medical Leave Act ("FMLA"), the New York

    State Executive Law, and the Administrative Code of the City of New York, based upon the

    supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C.

    §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being

    harassed and discriminated against by his employer on the basis of his actual and/or perceived

    disability, together with FMLA interference and retaliation, failure to accommodate, failure to

    engage in the interactive process and/or cooperative dialogue, retaliation, and wrongful

    termination.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction pursuant to 29 U.S.C. §2617, 28 U.S.C. §1331, 28 U.S.C. §1343,

    and supplemental jurisdiction thereto.

3.  This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York.  28 U.S.C. §1391(b).

## **PARTIES**

5. Plaintiff is a disabled male resident of the State of New York, County of Westchester.  He suffers from diabetes.

6. At all times material, Defendant ST. BARNABAS HOSPITAL (hereinafter "BARNABAS") was and is a domestic business limited liability company duly existing under the laws of the State of New York.

7. At all times material, Defendant DEMETRIUS LONG (hereinafter "LONG") was and is Defendant BARNABAS's Security Director.

8. At all times material, Defendant LONG was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

9. At all times material, Defendant BARNABAS was and is a qualified employer under the FMLA, in that they have at least 50 employees within 75 miles of Plaintiff's work location.

10. At all times material, Plaintiff was a qualified employee under the FMLA in that he worked at least 1,250 hours for Defendant BARNABAS in the 12-month period, immediately preceding his leave.

11. Defendant BARNABAS and Defendant LONG are hereinafter also referred to as "Defendants."

12. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

13. On or about September 14, 2014, Plaintiff began working for Defendants as a Security Officer at their 4422 3rd Avenue, Bronx, NY 10457 location, with a pay rate of $16.50 per hour.

14. In or around March 2015, Plaintiff was hospitalized due to his diabetes.  Specifically, Plaintiff suffered extreme swelling and blistering of his feet and legs.

15. For the next five years, Plaintiff was subjected to a blatant pattern of discriminatory and retaliatory behavior.

16. For instance, on the same day Plaintiff was hospitalized, Defendant LONG, and supervisors James Andino and Yesenia Pedroza, visited Plaintiff on his hospital bed and **asked him to resign from his position due to his disability**.  Plaintiff refused to resign.

17. Plaintiff's doctor then ordered him to remain on hospitalized bed rest for a month and a half, to which Plaintiff complied.

18. Shortly after, Plaintiff received long term disability leave from approximately March 2015 through March 2016, due to the severity of his diabetes.

19. In or around March of 2016, Plaintiff was restored to his position as security officer for Defendants, with an hourly wage of $17.00 per hour.

20. Defendants then continued to harass and discriminate against Plaintiff on the basis of his actual and/or perceived disability.

21. For example, shortly after Plaintiff returned to work from long-term leave, he called out of work due to his disability.  Each time Plaintiff called out, his absence was recorded in the Defendants' logbook. Yet, Defendant LONG continually harassed Plaintiff while he was out and questioned him about his absence.

22. Additionally, Defendants regularly asked Plaintiff to resign from his position due to his disability. On one occasion, Defendant LONG told Plaintiff, "**You are unable to do the job because of your diabetes and being out of work.**"

23. Moreover, around that same time, Plaintiff once requested requested "light duty" due to his disability. This constituted a request for a reasonable accommodation.

24. Not only did Defendant LONG deny Plaintiff's request, **but he also mandated him to work the overnight shift from 12:00 p.m. to 8:00 a.m., in addition to his scheduled shift**. This shift required the security officer on duty to be standing during the entirety of his/her shift.

25. Defendant LONG knew this shift was especially difficult for Plaintiff, who suffered from chronic foot swelling due to his diabetes, and mandated the shift to force Plaintiff to resign and/or look for another job.

26. Accordingly, for the next several months, anytime Plaintiff returned to work after being out with a doctor's note, in retaliation for requesting a reasonable accommodation, Defendant LONG mandated him to work overnight.

27. Notably, security guards are normally rotated on a schedule for the overnight shift. Yet, Defendant LONG routinely insisted that Plaintiff work the overnight shift and allowed the original security guards scheduled for that shift to go home.

28. Then, in or around early April 2017, Plaintiff's diabetes worsened, and his doctor ordered him to remain on bedrest for three months.  Thus, at that time, Plaintiff took protected FMLA-leave.

29. In or around early August 2017, Plaintiff returned to work.  For the better part of the next year, Plaintiff worked without issue.

30. However, in or around early May 2018, Plaintiff called out of work because he was not feeling well.  While Plaintiff was on the phone with the secretary (who employees typically called to request sick time), Defendant LONG grabbed the phone and verbally terminated Plaintiff. Specifically, Defendant LONG stated, "**Oh you're calling out sick, you're terminated.**"

31. Approximately one hour later, knowing that what he did was completely unlawful, Defendant LONG called Plaintiff and reinstated Plaintiff's position.

32. Plaintiff continued to carry out his duties and responsibilities for the next several months, albeit Defendant LONG militantly assigning Plaintiff to work the overnight shift.

33. On or about April 11, 2019, Plaintiff, having suffered through nearly two dozen retaliatory overnight shifts, retrieved a doctor's note which stated, "**Please excuse patient from being mandated for extra shifts……. he has chronic leg swelling from venous insufficiency and it would be best to limit excess standing from extra shifts.**"

34. The next day, Plaintiff submitted the doctor's note to Defendant LONG, who callously replied, "**Negative. You will be mandated (forced to continue working the overnight shift)**."

35. That same day, Plaintiff also physically submitted his doctor's note to head of the Human Resources Department ("HR"), Karen Johnson, and informed her of Defendant LONG's recent refusal to discuss Plaintiff's request for a reasonable accommodation.  Knowing that Defendant LONG was again acting unlawfully, Ms. Johnson then approved Plaintiff's request for a reasonable accommodation.   However, despite this correction, Defendant LONG's discriminatory behavior was left unabated.

36. Accordingly, later that day, in retaliation for requesting a reasonable accommodation and for reporting Defendant LONG's discriminatory behavior, Defendant LONG told Plaintiff, "**I'm going to get you terminated one way or the other**."

37. Immediately after Defendant LONG's threat, Plaintiff again visited Ms. Johnson and wrote a full complaint of Defendant LONG's ongoing harassment and retaliation.

38. For nearly a year afterwards, Plaintiff worked without issue and reasonably believed that once he complained about discrimination and retaliation to HR, the issues were resolved.

39. However, on or about June 19, 2020, Plaintiff requested intermittent FMLA leave for sixty days to cope with his diabetes.

40. On June 23, 2020, Plaintiff was approved for sixty days of intermittent FMLA leave.

41. In retaliation for requesting and taking FMLA leave, Defendant LONG removed Plaintiff from the schedule for the entire month of July 2020.  However, Plaintiff complained to Ms. Johnson and was immediately placed back on the schedule.

42. However, on or about September 23, 2020, Plaintiff was instructed to come into Defendant LONG's office on September 24, 2020, at 8:00 a.m., to discuss an incident that happened on September 20, 2020, where a patient passed away in the waiting room during Plaintiff's shift.

43. On or about September 24, 2020, at 8:00 a.m., Plaintiff called Defendant LONG, but Mr. Andino answered the phone.  Plaintiff then informed Mr. Andino that he was feeling too ill to come to the office but would be able to discuss matters over the phone with Defendant LONG. Mr. Andino replied that Defendant LONG would call Plaintiff back that day. However, Defendant LONG never called Plaintiff.

44. On or about September 28, 2020, when Plaintiff returned to work, Defendant LONG terminated him.

45. On October 22, 2020, Plaintiff attended a hearing with Ms. Johnson to appeal his termination. After Plaintiff reiterated his complaints of discrimination and harassment, including the dozens

of overnight shifts, Ms.  Johnson told Plaintiff that she was sure he would get his job back. However, Plaintiff was never reinstated.

46. Defendants discriminated against Plaintiff because of his actual and/or perceived disability.

47. Defendants terminated Plaintiff because of his complaints of discrimination and retaliation, as well as his requests for reasonable accommodations.

48. Defendants terminated Plaintiff in order to avoid continue providing him with reasonable accommodations.

49. Defendants would not have retaliated against Plaintiff but for his requests for, and him taking, FMLA-protected leave, along with his requests for reasonable accommodations.

50. Defendants failed to accommodate Plaintiff.

51. Defendants failed to engage in the interactive process and/or cooperative dialogue.

52. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

53. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress and physical ailments.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

55. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

56. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants jointly and severally.

## AS A FIRST CAUSE OF ACTION
## UNDER THE FAMILY AND MEDICAL LEAVE ACT
## RETALIATION & INTERFERENCE

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. §2615 of the Act states as follows:

Prohibited acts

(a) Interference with rights

    (1) Exercise of rights

    (a) It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination

(b)  It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

59. Defendants interfered with Plaintiff's rights under the above sections, discriminated against Plaintiff and retaliated against Plaintiff for taking FMLA qualified leave.

## AS A SECOND CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

60. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's. . . disability . . . to refuse to hire

or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

62. Defendants engaged in unlawful discriminatory practices by discriminating against the Plaintiff because of his actual and/or perceived disability, together with failure to accommodate, and failure to engage in the interactive process and/or cooperative dialogue.

63. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**AS A THIRD CAUSE OF ACTION**
**UNDER STATE LAW**
**RETALIATION**

64. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article."

66. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of his opposition to Defendants' unlawful actions and her requests for a reasonable accommodation.

**AS A FOURTH CAUSE OF ACTION**
**UNDER STATE LAW**
**AIDING AND ABETTING**

67. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

>   "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

70. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. New York State Executive Law §296(3)(a) provides:

>   "It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program."

72. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff by failing to provide a reasonable accommodation, and by failing to engage in the interactive process and/or cooperative dialogue.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

73. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the

10

actual or perceived … disability … to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her actual and/or perceived disability, together with failure to accommodate, and failure to engage in the interactive process and/or cooperative dialogue.

**AS A SEVENTH CAUSE OF ACTION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**RETALIATION**

76. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. The New York City Administrative Code Title 8-107(7) provides that:

"It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

78. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because she opposed Defendants' unlawful employment practices and because she needed and/or requested a reasonable accommodation.

**AS AN EIGHTH CAUSE OF ACTION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**FAILURE TO PROVIDE A REASONABLE ACCOMMODATION**

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. The Administrative Code of the City of New York §8-107(15)(a) provides:

> "[A]ny person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

81. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(15)(a) by failing to provide a reasonable accommodation, and by failing to engage in the interactive process or a cooperative dialogue.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in an unlawful employment practice prohibited by the FMLA, New York Executive Law, the Administrative Code of the City of New York, on the basis of Plaintiff's actual and/or perceived disability, together with FMLA retaliation and interference, failure to accommodate, failure to engage in the interactive process and/or cooperative dialogue, retaliation, and wrongful termination.

B. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff liquidated damages under the FMLA;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

12

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  June 13, 2022
      New York, New York

 

                              **Arce Law Group, P.C.**
                              *Attorneys for Plaintiff*

                 By:   _____
                      Jesse S. Weinstein, Esq.
                      45 Broadway, Suite 430B
                      New York, NY 10006
                      (212) 248-0120

13